**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JAMES HAMILTON** | **DOCKET NO. 2:25-cv-01000** |
| **REG. # 49588-044** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| | |
| **WARDEN** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

On July 7, 2025, James Hamilton ("Petitioner") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas.  Doc. 1.  At the time of filing, Petitioner was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"), where he remains.  As such, the Texas court transferred this matter to this Court on July 9, 2025.  Doc. 4.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Through his petition, Petitioner challenges his sentence computation data.  Specifically, he is requesting that he be given credit for time served while in pretrial detention pursuant to a federal warrant executed in connection with the offenses for which he is presently serving a sentence.

## II.
## LAW & ANALYSIS

### A.  Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  Exhaustion

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng,* No. 2:17-539, 2021 U.S. Dist. LEXIS 108814, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. *See* 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the

warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process.  The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver,* 269 Fed. App'x. 372 (5th Cir. 2008).

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Castano*, 235 F. App'x at 207 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). But those exceptions "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review." *Id*. (quoting *Fuller*, 11 F.3d at 62).

Plaintiff appears to concede that he failed to fully exhaust.  Doc. 12, p. 2.  However, he argues that the appeal process was unavailable due to the failure of the FCIO staff to provide a response to his BP-8 appeal.  *Id*.  Taking Hamilton's allegation as true, that the FCIO staff never responded to his first step in the appeal process, he must continue with the remedy process until he has exhausted. He could have filed an appeal and explained that the grievance coordinator refused to give him a copy of the response.  However, because he made no effort to do so, he did not give the BOP an opportunity to address his claims.   His assumption that his appeal would be denied without a response is insufficient to establish futility and/or interference in the grievance process.  *See Pittman v. Warden USP Beaumont*, No. 9:22- CV-60, 2023 U.S. Dist. LEXIS 162191, 2023 WL 5945618, at *3 (E.D. Tex. July 23, 2023) (explaining that "[p]etitioner's assumption that his appeal would be denied is

insufficient to establish futility and/or interference in the grievance process" where petitioner could file an appeal and explain he was refused a copy of the institution request and response), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 160861, 2023 WL 5943095 (E.D. Tex. Sept. 11, 2023).

Hamilton's contention that because he received no response, his claims are "deemed 'exhausted,'" is unfounded. While it appears he did start the appeal process, it was clearly never completed and, as such, the petition should be dismissed without prejudice for failure to exhaust.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 11th day of February, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE